UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARADISE HOGAN, on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  C.A. No. |
| THE INSTORE GROUP, LLC; | )<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff Paradise Hogan (the "Plaintiff" and/or "Hogan"), individually and on behalf of himself and all other similarly situated persons, seeks to recover damages from the Defendant The InStore Group, LLC ("InStore" or the "Defendant") for its unlawful classification of him and other individuals whom it employed as "merchandisers" as independent contractors, rather than employees. In support of his class action complaint, the Plaintiff states as follows:

**PARTIES**

1. The Plaintiff Hogan is an adult individual residing in Lynn, Massachusetts.

2. The Defendant InStore is a foreign corporation with a principal place of business located at 520 Eagleton Downs Dr., Ste. D, Pineville, NC 28134.

**JURISDICTION**

3. Original subject matter jurisdiction in this Court is proper and founded upon 28 U.S.C. § 1331 as this matter involves a federal question that arises under the Constitution,

laws, or treaties of the United States, namely, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

4. Subject matter jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1332 as all members of this litigation are "diverse" in their citizenship as they are all citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. The Plaintiff asserts his FLSA claims on behalf of himself, and all other similarly situated individuals, whom the Defendant employed and/or employs in Massachusetts and throughout the United States as in-store merchandisers and intentionally misclassified as independent contractors and who may elect to opt into this action pursuant to 29 U.S.C. § 216(b).

6. Pendent jurisdiction of the Plaintiff's state law class claims under Massachusetts General Laws c. 149, §§ 148, 148B, 150 is founded upon 28 U.S.C. § 1367. The Plaintiff's Massachusetts state law class claims arise from a nucleus of operative fact that is common with the Plaintiff's FLSA claims.

7. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff asserts his Massachusetts state law class claims on behalf of himself and all other similarly situated individuals whom the Defendant employed and/or employs throughout Massachusetts as "merchandisers" and/or "assemblers" and intentionally misclassified as independent contractors.

8. Venue in the District of Massachusetts is proper and founded upon 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's class claims occurred in this judicial district.

9. In compliance with M.G.L. c. 149, § 150, a Non-Payment of Wages and Workplace Complaint Form was filed for the Plaintiff with the Massachusetts Office of the Attorney General prior to initiating this litigation.

## FACTS

10. InStore is a retail services company.

11. As it describes on its website, in its usual course of business, the Defendant offers various retail services to retailers that include, without limitation, "full-service retail merchandising, assisted selling, and event marketing."

12. According to the website, the Defendant provides its retail services to "leading consumer packaged companies and major retailers in multiple channels throughout all 50 states."

13. When a retailer engages the Defendant's retail services, the Defendant provides personnel to the retailer to fulfill the retailer's particular merchandising needs.

14. The personnel whom the Defendant assigns to retailers that engage the Defendant's retail services are known as "merchandisers."

15. At all relevant times, the services that the Defendant's "merchandisers" provide to the Defendant's retailer clients are precisely the same services that the Defendant is in the business of providing to retailers and thus an integral part of the Defendant's business.

16. The Defendant directs their "merchandisers" to report to its retailer clients to fulfill the particular merchandising projects of the retailer clients on an as needed basis.

17. Specifically, the Defendant directs its "merchandisers" to perform merchandising services for specific retailers at specific locations, on specific dates, and during specific times.

18. The Defendant describes the duties of its "merchandisers" as "providing in-store merchandising services to retail stores."

19. At all times during their employment with the Defendant, the Defendant's "merchandisers" are economically dependent on the Defendant to provide them with projects and/or retail services assignments.

20. Prior to each retail services job that the Defendant assigns its "merchandisers" to fulfill, the Defendant identifies particular "specifications and requirements" that its "merchandisers" need to meet and/or complete to successfully perform the particular job.

21. The Defendant provides its "merchandisers" with directions, floor plans, diagrams, and/or schematics that they are required to follow and/or complete for each retail services assignment that the Defendant directs them to fulfill.

22. The Defendant's "merchandisers" do not exercise any form of managerial or supervisory skill during the performance of their duties for the Defendant.

23. The the Defendant's "merchandisers" are not required to make any investments in facilities or equipment to perform their duties as directed by the Defendant.

24. The performance of the retail services that the Defendant's "merchandisers" provide does not require specialized skills, certifications, formal training, or academic degrees.

25. Indeed, the Defendant have minimal standards for applicants when hiring an individual as a "merchandiser" or "assembler."

26. The Defendants' standards for new applicants include but are not limited to:

- Merchandising or reset experience;
- Self-motivated, self-sufficient, detail-oriented, organized and a problem solver;

- Positive attitude and good work ethic is essential;
- Must be comfortable interacting & communicating with the public and store personnel.
- Must be dependable with regular attendance;
- Must be computer literate with access to computer, internet and printer;
- Must have camera phone or digital camera;
- Reliable transportation;
- Excellent communication skills, both verbal & written; and
- Willing to work as an Independent Contractor;

27. The Defendant intentionally and knowingly misclassifies their "merchandisers" as independent contractors – not employees.

28. The Defendant issues an annual Form 1099 to their "merchandisers" and do not pay or contribute to any portion of their taxes and instead, improperly pass these costs along to the workers.

29. The Defendant requires that "merchandisers" pay expenses that they incur during their performance of the assignments that the Defendant directs them to complete.

30. The Defendant does not reimburse its "merchandisers" for travel expenses that they incur during their performance of the assignments that the Defendant directs them to complete.

31. The Defendant does not compensate its "merchandisers" for their travel time when they are performing the assignments that the Defendant directs them to complete.

32. The Defendant requires that its "merchandisers" pay for general liability and worker's compensation insurance.

33. The Defendant does not pay and/or contribute to general liability and worker's compensation insurance for its "merchandisers."

34. The Defendant intentionally and knowingly misclassifies its "merchandisers" as independent contractors to avoid paying them all of the wages and benefits that they would be entitled to receive if the Defendant classified its "merchandisers" as employees.

35. The Defendant hired the Plaintiff in or about June 2015 as a "merchandiser."

36. At all times during his employment with the Defendant, the Plaintiff performed retail services for the Defendant's retailer clients in Massachusetts as directed by the Defendant.

37. Prior to commencing his employment, the Defendant required that the Plaintiff execute a document entitled, "Independent Contractor Vendor Agreement" (the "Agreement").

38. Upon information and belief, the Defendant requires that all individuals execute the Agreement prior to commencing their employment with the Defendant.

39. The Defendant drafted all of the terms of the Agreement and did not negotiate any terms of the Agreement with the Plaintiff.

40. Upon information and belief, the Defendant drafts all of the terms of the Agreement for each individual whom it hires as a "merchandiser" and does not negotiate the terms of the Agreement with any individual whom it hires as a "merchandiser."

41. The Defendant determined the manner, method, and amount of compensation for the Plaintiff and did not negotiate any terms of compensation with the Plaintiff.

42. Upon information and belief, the Defendant determines the manner, method, and amount of compensation for each individual whom it hires as a "merchandiser" and/or

"assembler" and does not negotiate any terms of compensation with any individual whom it hires as a "merchandiser."

43. Pursuant to the terms of the Agreement, the Defendant classified the Plaintiff as an independent contractor and subjected him to the same terms and conditions of employment as its other "merchandisers."

44. Pursuant to the terms of the Agreement, the Defendant described the Plaintiff's duties as a "merchandiser" as "providing in-store merchandising services to retail stores."

## COUNT I
VIOLATION OF 29 U.S.C. §§ 201 *et seq.*

45. The Plaintiff re-alleges and incorporates paragraphs 1 through 44 above as if fully set forth herein.

46. The Plaintiff asserts Count I on behalf of himself and all other individuals whom the Defendant employed in the United States as "merchandisers" at any time within the maximum statutory period.

47. The Defendant is a retail services companies.

48. In its usual course of business, the Defendant provides retail services related to full-service retail merchandising, assisted selling, and event marketing to retailers.

49. The Defendant employs individuals as "merchandisers" and assigns these individuals to perform retail services for the Defendant's retailer clients.

50. The Defendant employed the Plaintiff as a "merchandiser" and directed him to provide retail services to the Defendant's retailer clients.

51. At all times, the services that the Plaintiff and other "merchandisers" perform are an integral part of the Defendant's usual course of business – i.e. providing retail services to its retailer clients.

52. The Defendant intentionally and knowingly misclassifies the Plaintiff and its other "merchandisers" as independent contractors to avoid paying them all of the wages and benefits that they would be entitled to receive if the Defendant had properly classified them as employees.

53. By classifying the Plaintiff and their other "merchandisers" as independent contractors, the Defendant failed to pay them all of the wages and benefits that they would be entitled to receive if the Defendant had properly classified them as employees.

54. The conduct described above constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. As a direct result of the Defendant's intentional and knowing conduct, the Plaintiff and the Defendant's other "merchandisers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

## COUNT II
### VIOLATIONS OF M.G.L. c. 149, §§ 148; 148B, 150

56. The Plaintiff re-alleges and incorporates paragraphs 1 through 55 above as if fully set forth herein.

57. The Plaintiff asserts Count II on behalf of himself and all other individuals whom the Defendant has employed in Massachusetts as "merchandisers" at any time within the three (3) years preceding the filing date of this action.

58. The Defendant is a retail services companies.

59. In its usual course of business, the Defendant provides retail services related to full-service retail merchandising, assisted selling, and event marketing to retailers.

60. The Defendant employs individuals as "merchandisers" and assigns these individuals to perform retail services for the Defendant's retailer clients.

61. The Defendant employed the Plaintiff as a "merchandiser" and directed him to provide retail services to the Defendant's retailer clients.

62. At all times, the services that the Plaintiff and other "merchandisers" perform are an integral part of the Defendant's usual course of business – i.e. providing retail services to their retailer clients.

63. The Defendant intentionally and knowingly misclassifies the Plaintiff and its other "merchandisers" as independent contractors to avoid paying them all of the wages and benefits that they would be entitled to receive if the Defendant had properly classified them as employees.

64. By misclassifying the Plaintiff and their other "merchandisers" as independent contractors, the Defendant failed to pay them all of the wages and benefits that they would be entitled to receive if the Defendant had properly, and lawfully, classified them as employees.

65. As a direct consequence of the Defendant's intentional and knowing conduct, the Plaintiff and the Defendant's other "merchandisers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

### COUNT III
BREACH OF CONTRACT

66. The Plaintiff re-alleges and reincorporates paragraphs 1 through 65 above as if fully set forth herein.

67. The Plaintiff asserts Count III on behalf of himself and all other individuals whom the Defendant has employed in the United States as "merchandisers" and/or "assemblers" at any time within the maximum statutory period.

68. Pursuant to the Agreement, the Plaintiff and the Defendant's other "merchandisers" agreed to provide retail services for the Defendant and the Defendant agreed to fully compensate them for their services.

69. Despite the terms of the Agreement, the Plaintiff and the Defendant's other "merchandisers" performed retail services for the Defendant but the Defendant failed to fully compensate them for their services.

70. As a direct result of the Defendant's intentional and knowing conduct, the Plaintiff and the Defendant's other "merchandisers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

### COUNT IV
UNJUST ENRICHMENT

71. The Plaintiff re-alleges and reincorporates paragraphs 1 through 70 above as if fully set forth herein.

72. The Plaintiff asserts Count IV on behalf of himself and all other individuals whom the Defendant has employed in the United States as "merchandisers" at any time within the maximum statutory period.

73. As described above, the Plaintiff and the Defendant's other "merchandisers" performed retail services for the Defendant based on its representation that it would provide full and fair compensation in the form of all wages and benefits that the Plaintiff and the Defendant's other "merchandisers" were entitled to receive under the law and/or the Agreement in exchange for their services.

74. Despite receiving the benefit of the retail services performed by the Plaintiff and the Defendant's other "merchandisers," the Defendant failed to fully pay them all of the wages and benefits that they were entitled to receive.

75. As a direct consequence of the Defendant's intentional and knowing conduct, the Plaintiff and the Defendant's other "merchandisers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

## COUNT V
### QUANTUM MERUIT

76. The Plaintiff re-alleges and reincorporates paragraphs 1 through 75 above as if fully set forth herein.

77. The Plaintiff asserts Count V on behalf of himself and all other individuals whom the Defendant has employed in the United States as "merchandisers" at any time within the maximum statutory period.

78. As described above, the Plaintiff and the Defendant's other "merchandisers" performed retail services for the Defendant based on its representation that it would provide full and fair compensation in the form of all wages and benefits that the Plaintiff and the Defendant's other "merchandisers" were entitled to receive under the law and/or the Agreement in exchange for their services.

79. Despite receiving the benefit of the retail services performed by the Plaintiff and the Defendant's other "merchandisers," the Defendant failed to fully pay them all of the wages and benefits that they were entitled to receive.

80. As a direct result of the Defendant's intentional and knowing conduct, the Plaintiff and the Defendant's other "merchandisers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

## COUNT VI
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

81. The Plaintiff re-alleges and reincorporates paragraphs 1 through 80 above as if fully set forth herein.

82. The Plaintiff asserts Count VI on behalf of himself and all other individuals whom the Defendant has employed in the United States as "merchandisers" at any time within the maximum statutory period.

83. As described above, the Plaintiff and the Plaintiff and the Defendant's other "merchandisers" performed retail services for the Defendant based on its representation that it would provide full and fair compensation in the form of all wages and benefits that the Plaintiff and the Defendant's other "merchandisers" were entitled to receive under the law and/or the Agreement in exchange for their services.

84. Despite receiving the benefit of the retail services performed by the Plaintiff and the Defendant's other "merchandisers," the Defendant breached the covenant of good faith and fair dealing implicit within the Agreement when it failed to fully pay the Plaintiff and the Defendant's other "merchandisers" all of the wages and benefits that they were entitled to receive.

85. As a direct result of the Defendant's intentional and knowing conduct, the Plaintiff and the Defendant's other "merchandisers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff Paradise Hogan demands a trial by jury on all issues so triable and prays that this Honorable Court:

   i. Enter judgment on Count I, and award double damages, attorneys' fees, costs, and interest in an amount to be determined;

ii. Enter judgment on Count II, and award treble damages, attorneys' fees, costs, and interest in an amount to be determined;

iii. Enter judgment on Counts III-VI, and award damages in an amount to be determined;

iv. All other relief that this Honorable Court deems just and proper.

Respectfully submitted,

Paradise Hogan

By his attorneys,

/s/ Brook S. Lane
Brook S. Lane BBO #678742
John P. Regan, Jr.  BBO #684326
Regan Lane LLP
43 Bowdoin Street, Ste. A
Boston, MA 02114
T: (857) 277-0902
F. (857) 233-5287
blane@reganlane.com
Dated: January 6, 2017                     jregan@reganlane.com