## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
|                                               )
PARADISE HOGAN and                             )
KAREN CHERELLI, on behalf of                   )
themselves and all others similarly situated,  )
                                               )
    Plaintiffs,                            )
                                               )
    v.                                     )    Civil Action No. 1:17-cv-10027-DPW
                                               )
THE INSTORE GROUP, LLC;                        )
                                               )
    Defendant.                             )
_____)

## JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT

    This Joint Stipulation of Settlement and Release Agreement, including exhibits is entered into by and between Plaintiffs Paradise Hogan and Karen Cherelli, (collectively "the Plaintiffs") on behalf of themselves and the Settlement Class Members (as defined below), on the one hand, and The InStore Group, LLC ("InStore"), on the other hand, and subject to the approval of the Court, that the above-captioned Lawsuit is hereby being compromised and settled pursuant to the terms and conditions set forth herein (the "Settlement," "Stipulation," or "Agreement"). Subject to the approval of the Court, this Agreement is intended to and does effectuate the full, final and complete resolution of the Lawsuit (as defined below).

## RECITALS

    1.    Plaintiff Paradise Hogan filed a Class Action Complaint in the District Court for the District of Massachusetts on January 6, 2017 against The Instore Group, LLC, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Massachusetts state law (the "Lawsuit").

2.      Mr. Hogan subsequently moved to amend the complaint by dropping his FLSA claims and adding Karen Cherelli as a named-plaintiff and moved for class certification.  The parties also filed cross motions for summary judgment.  On January 11, 2021, the Court entered an order granting in part Mr. Hogan's motion for summary judgment as to liability, denying Defendant's motion for summary judgment, granting the motion for certification, and granting the motion to amend.

3.      On March 2, 2021, the Parties participated in a full day mediation before Mark Irvings, Esq. Prior to the mediation, InStore provided Plaintiffs with detailed data regarding the putative class members compensation, submitted hours, and jobs performed.

4.      As a result of the mediation, the Parties have agreed to settle the Lawsuit according to the terms of this Agreement.

5.      Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Lawsuit. In agreeing to this Settlement, Class Counsel and Plaintiffs have considered: (a) the facts developed from their investigation and during the mediation process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against InStore; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Class Counsel and Plaintiffs have concluded that given the facts and uncertainties associated with continued litigation, the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiffs and the Settlement Class (as defined below) to settle their claims against InStore pursuant to the terms of this Agreement and confirm that this Agreement constitutes a fair, adequate and reasonable resolution of the claims asserted in the Lawsuit.

6.      InStore denies the allegations in the Lawsuit and denies that it has misclassified any

Class Member or any other person who performed services for InStore. InStore further denies any liability for alleged failure to make timely wage payments or liability for any other alleged failure to pay any wage, or any alleged wage payment, wage and hour or similar violation. InStore contends that Plaintiffs and all other Class Members were properly classified as independent contractors and were paid all amounts owed throughout their engagements with InStore for projects performed for InStore's customers. This Settlement Agreement and all related documents are not and shall not be construed as an admission by InStore or any of the Releasees (as defined below) of any fault, liability or wrongdoing, which InStore expressly denies.

7.      The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement.

8.      The Parties further understand that the Settlement will not become operative until the Court grants final approval, the Settlement becomes Final and the Settlement Effective Date occurs.

9.      Nothing in this Agreement, nor any action taken or made in implementation thereof, nor any statements, discussions, or communications, nor any materials prepared, exchanged, issued, or used during the course of the negotiations leading to the Agreement, is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used, or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative or other forum or proceeding, as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement.

9.      In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiffs, and the Eligible Class Members' (as defined below) claims as described herein against InStore shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed with prejudice as to InStore and the Releasees, in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

10.     Unless otherwise defined herein, initial capitalized terms used in this Agreement shall have the meanings set forth below:

a.      "Agreement" means this written Settlement Agreement which sets forth the terms of the settlement and final amicable resolution of this Lawsuit.

b.      "Class" or "Class Members" means all individuals who have worked as 'vendors' or 'vendor associates' for Instore Group, LLC in Massachusetts since January 6, 2014 through and including March 1, 2021 and as identified by InStore in its class list as set forth herein.

c.      "Class Counsel" means Fair Work, P.C.

d.      "Court" means the United States District Court for the District of Massachusetts (Judge Douglas P. Woodlock presiding).

e.      "Defendant" means The Instore Group, LLC.

f.      "Defendant's Counsel" means Moore and Van Allen, PLLC.

g.      "Effective Date" means the first business day after the Court's Final

Approval Order becomes Final.

h.     "Eligible Class Member" means (i) the Named Plaintiffs, and (ii) all Settlement Class Members who do not exclude themselves from the Settlement.

i.     "Eligible Class Members' Released Claims" is defined below in Paragraph 15.

j.     "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Named Plaintiffs and the Settlement Class in the Lawsuit.

k.     "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

l.     "Final Approval" or "Final Approval Order" means the Court's Final Approval Order (a) approving this Settlement Agreement as fair, reasonable, and adequate and directing consummation of its terms and provisions and (b) dismissing the Lawsuit on the merits with prejudice.

m.     "Final Approval Hearing" means the hearing to be held by the Court to

consider the final approval of the Settlement.

n.      "Maximum Gross Settlement Amount" means the maximum amount of money that Defendant is to pay as consideration for this Settlement, in exchange for the release of the Named Plaintiffs' and the Class Members' Released Claims, and includes, subject to Court approval, the Fee Award, an award of litigation costs to Class Counsel, and the Service Awards for the Named Plaintiffs. The Maximum Gross Settlement Amount is the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00). In no event shall (i) the Maximum Gross Settlement Amount exceed this amount; or (ii) shall Defendant be required to pay more than the Maximum Gross Settlement Amount in connection with the Settlement, with the exception of InStore's share of payroll taxes attributable to the wage portions of the Settlement Awards. The Maximum Gross Settlement Amount includes any and all interest accruals and no additional interest shall be due under any circumstances.

o.      "Initial Mailing" is defined in Paragraph 19 below.

p.      "Lawsuit" means *Hogan et al. vs. The InStore, Group, LLC,* Civil Action No. 1:17-cv-10027-DPW, pending in the U.S. District Court for the District of Massachusetts.

q.      "Named Plaintiffs" means Paradise Hogan and Karen Cherelli.

r.      "Named Plaintiffs Released Claims" is defined below in Paragraph 13.

s.      "Net Settlement Amount" means the Maximum Gross Settlement Amount less: (i) an incentive award for each of the Named Plaintiffs for their effort in bringing and prosecuting this matter (the "Service Award"); (ii) the amount of the Fee Award to Class Counsel, which is not to exceed one-third (1/3) of the Gross Settlement Amount; (iii) the

payment of the out-of-pocket costs incurred by Class Counsel, which currently are estimated to be $7,384.48; and (iv) a payment of Ten Thousand ($10,000) to Optime for handling the claims and payment process. The Parties acknowledge that all of these amounts are subject to the Court's approval.

　　　　t.　　　"Notice Deadline" means the date sixty (60) calendar days after the Settlement Notices are initially mailed by the Settlement Administrator to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to object to, or opt out of, the Settlement and after which no objections or opt outs shall be valid.

　　　　u.　　　"Parties" means the parties to this Agreement.

　　　　v.　　　"Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement. Preliminary Approval Order refers to the Order of the Court: (1) asserting jurisdiction over the implementation and administration of this Agreement; (2) adjudging, on a preliminary basis, the terms of the Agreement to be fair, reasonable and adequate, and in the best interests of the Class Members, and directing consummation of its terms and provisions; and (3) approving as to the form and content of the Notice of Settlement of Class a Action Lawsuit and Fairness Hearing,  and authorizing the first-class mailing of the same to all Class Members.

　　　　w.　　　"Releasees" means The InStore Group, LLC and its present and former parent companies, subsidiaries, affiliates, divisions, and joint ventures, and all of its and their past,  present, and future shareholders, officers, directors, employees, agents, servants, owners,  parent companies and affiliates (and their respective officers directors, shareholders, employees, agents, members and representatives) members, managers,

investors, executors, consultants, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, re-insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

x.    "Released Claims" means Named Plaintiffs' Released and Eligible Class Members' Released Claims.

y.    "Settlement Administrator" means Optime Administration, LLC, as mutually agreed by the Parties and subject to the approval of the Court.

z.    "Settlement Awards" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

aa.    "Settlement Class" or "Settlement Class Member" means all individuals all individuals who have worked for InStore as 'vendors' or 'vendor associates' in Massachusetts at any time since January 6, 2014 through March 1, 2021. The Named Plaintiffs and the Class are collectively referred to herein as the "Settlement Class" or "Settlement Class Members." InStore represented that there are approximately 268 members of the Settlement Class and Named Plaintiff and Class Counsel have relied on this number in reaching this Settlement.

bb.    "Settlement Notice" means the Notice of Class Action Settlement to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

## RELEASES

11.     In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiffs and Eligible Class Members agree to release all claims as set forth herein.

12.     The Parties acknowledge and agree that this Settlement shall proceed on an "all in, non-reversionary" basis, and that only the Named Plaintiffs and Eligible Class Members will be sent a Settlement Award check. All Eligible Class Members shall release and be deemed to have released, fully, finally and with prejudice, to the full extent permitted by law, the Eligible Class Members' Released Claims. The Parties acknowledge that, except for the Named Plaintiffs, only Eligible Class Members who cash or deposit their Settlement Award check shall release wage and hour claims against InStore and all Releasees. Named Plaintiffs shall have released any and all wage and hour claims upon Final Approval by virtue of having executed this Agreement.

13.     **Named Plaintiff's Released Claims**. Upon Final Approval of this Settlement Agreement, Named Plaintiffs generally and irrevocably release, discharge and covenant not to sue InStore and all Releasees, finally, forever and with prejudice, from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses, and losses and issues of any kind or nature whatsoever, whether known or unknown, that Named Plaintiffs have or may have against InStore and Releasees that arose prior to the date on which they execute this Agreement, including but not limited to those claims asserted in the Lawsuit, those that could reasonably have been asserted based on the allegations in the Complaint and/or Amended Complaint, and all claims arising out of the same nucleus of operative facts, including claims for alleged failure to make timely wage payments, alleged failure to pay any wage or costs, alleged failure to pay overtime, alleged failure to make tax payments, expenses, benefits, penalties, attorneys' fees, restitution or other compensation or relief arising under any provision of the under

the Fair Labor Standards Act, the Massachusetts Wage Act, the Massachusetts Minimum Fair Wages Act, the Massachusetts Overtime Statute and the Massachusetts Independent Contractor Statute ("Named Plaintiff's Released Claims"). **The Named Plaintiffs' Released Claims specifically includes a waiver and release of claims that Named Plaintiffs have or may have had regarding payments or amounts covered by the Massachusetts Wage Act and the Massachusetts Minimum Fair Wages Act (including, for instance, hourly wages, salary, overtime, minimum wages, commissions, vacation pay, holiday pay, sick leave pay, dismissal pay, bonus pay or severance pay), as well as claims for retaliation under the Massachusetts Wage Act or the Massachusetts Minimum Fair Wages Act**. Named Plaintiffs acknowledge that he and she may have claims that are presently unknown based on actions that took place prior to the date each executes this Agreement and that the release of Named Plaintiffs' Released Claims contained in this Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against InStore and all Releasees, whether now asserted or un-asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, which if known, might have affected their decision to enter this release. Named Plaintiffs agree that, although he and she may discover facts in addition to or different from those that are currently known or believed to be true with respect to each Named Plaintiff, it is his and her intention to fully, finally, and forever settle and release any and all Named Plaintiffs' Released Claims, without regard to the subsequent discovery or existence of such additional or different facts, to the full extent permitted by law.

14.     Named Plaintiffs warrant and represent that he and she have not assigned or transferred, to any person or entity any of Named Plaintiffs' Released Claims or any rights, claims, or causes of action arising out of Named Plaintiffs' Released Claims.

15.     **Eligible Class Members' Released Claims**. Upon Final Approval of the

Settlement Agreement, all Eligible Class Members shall and hereby do irrevocably release, discharge, and covenant not to sue InStore and all Releasees, finally, forever and with prejudice, from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, against InStore or Releasees that were or could have been asserted in the Complaint and/or Amended Complaint, and all claims arising out of the same nucleus of operative facts, including but not limited to, claims for alleged failure to make timely wage payments, alleged failure to pay any wage or costs, alleged failure to pay overtime, alleged failure to make tax payments, expenses, benefits, penalties, attorneys' fees, restitution or other compensation or relief arising under the under the Fair Labor Standards Act, the Massachusetts Wage Act, the Massachusetts Minimum Fair Wages Act, the Massachusetts Overtime Statute and the Massachusetts Independent Contractor Statute that arose prior to the Notice Deadline. The claims released by the Eligible Class Members include, to the full extent permitted by law but are not limited to, all statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon alleged violations of Massachusetts law, and all other state law claims that are or could have been asserted in the Lawsuit. The released claims include, without limitation, claims meeting the above definition(s) under any and all applicable state statutes based on the facts or claims alleged in the Complaint and/or Amended Complaint, and are hereby released to the fullest extent permitted by law, regardless of the forum. **The Eligible Class Members' Release Claims specifically includes a waiver and release of claims that Eligible Class Members have or may have regarding payments or amounts covered by the Massachusetts Wage Act or the Massachusetts**

CHAR2\2399227v2

**Minimum Fair Wages Act (including, for instance, hourly wages, salary, overtime, minimum wages, commissions, vacation pay, holiday pay, sick leave pay, dismissal pay, bonus pay or severance pay), as well as claims for retaliation under the Massachusetts Wage Act or the Massachusetts Minimum Fair Wages Act.**

16.     Named Plaintiffs and Eligible Class Members who own, operate or possess corporate or similar entities that performed merchandising services for InStore's customers through an independent contractor relationship with InStore during the relevant time period shall release the Named Plaintiffs or Eligible Class Members' Released Claims, as applicable, on behalf of the corporate or other entity, and all of its current and former principals, officers, directors, owners, employees and anyone else acting or working on behalf of the entity.

17.     **Release Language on Settlement Checks**. The Settlement Administrator shall include the following release language on the reverse of each Settlement Award check:

> By signing or cashing this check, I affirm I am releasing The Instore Group, LLC, and all Releasees of all released claims as set forth in the Settlement Agreement approved by the Court in *Hogan et al. v. The InStore Group, LLC,* Civil Action No. 1:17-cv-10027-DPW. I affirm that I will not sue or assert any of the released claims, including the Fair labor Standards Act or Massachusetts state wage and hour claims, against The InStore Group, LLC or any Releasee.

18.     Named Plaintiffs and Eligible Class Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against InStore and all Releasees, based on claims released by them in this Settlement.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

19.     The Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

CHAR2\2399227v2

a.      **Request for Preliminary Approval Order**. Named Plaintiffs shall file an Assented-to Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement Agreement and its terms; approve the proposed form of the Settlement Notice and find that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances; set a date for Named Plaintiffs' Assented-to Motion for Final Approval of the Settlement, and approval of the requested Service Award, and Fee Award; approve the Settlement Administrator; and set a date for the Final Approval Hearing. Plaintiffs' Assented-to Motion for Preliminary Approval of Settlement Agreement shall not be filed without InStore's approval, within reason.

b.      **Notice**. The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice to the Named Plaintiff and all Eligible Class Members.

c.      **Class Information**. Within fourteen (14) days after the Court's Preliminary Approval of the Settlement, InStore shall provide to the Settlement Administrator a spreadsheet containing the names, last known addresses, last known telephone numbers (if any), last known email addresses (if any), and gross earnings for each Settlement Class Member between January 6, 2014 through and including March 1, 2021.

d.      In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice, will make reasonable efforts to identify current addresses via public and proprietary systems.

e.      Within five (5) business days after receiving the contact information for the Settlement Class, the Settlement Administrator shall mail, text (if cellphone numbers are

available), and email (if email addresses are available) the agreed upon and Court approved Settlement Notice to Named Plaintiffs and Settlement Class Members and, shall mail to Settlement Class Members who are not the Named Plaintiffs as of the date of mailing, a Claim Form, along with a self-addressed postage pre-paid envelope to the Settlement Class ("Initial Mailing") which may be mailed or emailed for return. The Settlement Administrator shall provide prompt notice to Class Counsel and Defendant's Counsel that the Settlement Notices have been mailed and/or emailed.

       f.      Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address and shall promptly re-mail the Settlement Notice to any newly found addresses. In no circumstance shall such re-mailing extend the Notice Deadline.

       g.      InStore will not take any adverse action against any individual currently performing services for it on the grounds that he/she is eligible to participate or does participate in the Settlement.

20.     **Objections**. The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendant's Counsel a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector, and must include the objector's name, address, and telephone number a clear explanation as to why the objector is objecting to the Settlement, and whether the

objector intends to appear at the Final Approval Hearing, including whether the objector intends to appear on the objector's own behalf or through a representative. The Settlement Notice shall advise Settlement Class Members that objections shall only be considered if the Settlement Class Member has not opted out of the Settlement. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement, or discourage participation in the Settlement claims process.

21.     **Requests for Exclusion**. The Settlement Notice shall provide that Settlement Class Members, other than Named Plaintiffs, who wish to exclude themselves ("opt out") from the Settlement must mail or email to the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, email address, and telephone number, and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such written statement must be postmarked by the Notice Deadline.

22. **Final Approval Hearing**. After review and approval by the Parties of the results of the notice process, Named Plaintiffs shall request that the Court schedule the Final Approval Hearing no earlier than thirty (30) days after the Notice Deadline to determine final approval of the Settlement and to enter a Final Approval Order:

    a.  finding dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process;

    b.  finally approving the Settlement and its terms as fair, reasonable and adequate;

    c.  directing that the Settlement funds be distributed in accordance with the terms of this Settlement Agreement;

    d.  directing that the Lawsuit be dismissed finally, fully, forever and with prejudice and in full and final discharge of any and all Named Plaintiffs' and all Eligible Class Members' Released Claims; and

    e.  retaining continuing jurisdiction over this Action for purposes only of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

23. **Maximum Gross Settlement Amount**.

    a.  **Deposit of Settlement Funds**. Within thirty (30) days of the Effective Date, InStore shall electronically transfer an amount equal to Two Hundred and Seventy-Five Thousand Dollars ($275,000.00) to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendant's counsel with an escrow agreement in advance of any such transfer. The Settlement Administrator shall provide Defendant with

CHAR2\2399227v2

a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds. Defendant shall execute and return this document to the Settlement Administrator, to the extent necessary, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

b.      **Treatment of Uncashed or Returned Settlement Checks**. There shall be no reversion of any portion of the Maximum Gross Settlement Amount to InStore at any time after the Effective Date. Notwithstanding the foregoing, any residual funds, such as amounts from settlement checks that are not cashed within ninety (90) days of issuance or checks that are returned to the Settlement Administrator after the Settlement Administrator has used reasonable, good faith efforts to locate Eligible Class Members (including through last known addresses, phone numbers and email addresses), shall be redistributed on a pro rata basis to Class Members who submitted a timely claim form. Any residual funds remaining after the second distribution shall be remitted to the General Fund of the Federal Bureau of Fiscal Service.

c.      **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund and the Settlement Administrator shall be the only person and/or entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

d.      **Allocations.** All Settlement Awards will be allocated as follows: thirty-three and one-third (1/3) percent shall be allocated to wages and two-thirds (2/3 ) percent shall be allocated to non-wage liquidated damages. The portion allocated to wages shall be reported on an IRS Form W-2, and the portion allocated to liquidated damages shall be

CHAR2\2399227v2

reported on an IRS Form 1099. Eligible Class Members assume full responsibility and liability for the payment of taxes due on the Settlement Awards, except that the employer's portion of the payroll taxes on the amount allocated to W-2 wages shall be paid separately by InStore as set forth herein.

e.   **Settlement   Administrator's   Determination.**   The   Settlement Administrator's determination of eligibility for, and the amounts of, any individual settlement payments under the terms of this Agreement shall be conclusive, final, and binding on all Settlement Class Members, including all Eligible Class Members.

f.   **Disputes.** The parties shall attempt to cooperate to resolve any disputes relating to the Settlement Administrator's ability and need to perform its duties.  Any unresolved disputes shall be referred to the Court.

g.   **Settlement Administrator's Fees.**  The Settlement Administrator's fees shall be payable from the Maximum Gross Settlement Amount.

24.   **Payments**. Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.   **Service Award and Payment for General Release to Named Plaintiffs**. Plaintiffs' counsel shall seek Court approval of service awards of $7,500 each for the Named Plaintiffs.  The Qualified Settlement Fund shall issue a Form 1099 for this payment. This payment, or a revised incentive payment that the Court approves, shall be made within fourteen (14) days after the date on which Defendant pays Maximum Gross Settlement Amount. The award of the Service Award is not a material term of this Agreement, and the award of the Service Award at less than the amount requested by Class Counsel does not give rise to a basis to abrogate this Agreement. There shall be no appeal of any decision by

the Court relating to an award of the Service Award. Should the Court approve the Service Award in amounts less than requested, the unapproved portion shall be included in the Net Settlement Amount.

      b.    **Fees and Costs**.

      i.    Subject to the Court's approval, Class Counsel shall receive a Fee Award in an amount up to one-third (1/3) of the Maximum Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Lawsuit as of the date of this Settlement Agreement as well as all of the work remaining to be performed including, but not limited to, documenting the Settlement, securing Court approval of the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Lawsuit. In addition, Class Counsel shall, subject to Court approval, receive reimbursement of their out-of-pocket costs from the Maximum Gross Settlement Amount approved by the Court. The award of a Fee Award and costs at less than the amount requested by Class Counsel does not give rise to a basis to abrogate this Agreement. There shall be no appeal of any decision by the Court relating to a Fee Award to Class Counsel. Should the Court approve a Fee Award or costs in amounts less than requested, the unapproved portion or portions shall be included in the Net Settlement Amount. In no event shall (i) the Maximum Gross Settlement Amount exceed $275,000.00 (Two hundred Seventy-Five Thousand and 00/100 dollars); or (ii) Defendant be required to pay more than the Maximum Gross Settlement Amount in connection with the Settlement, with the exception of the employers' share of payroll taxes attributable to the wage portions of the Settlement Awards actually distributed.

ii.     The Fee Award and costs paid by Defendant pursuant to this Agreement, out of the Maximum Gross Settlement Amount, shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Lawsuit on behalf of Named Plaintiffs and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of the Named Plaintiffs or any Settlement Class Member.

iii.     A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel for attorneys' fees and costs. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

c.     **Settlement Awards to Eligible Class Members.** Settlement Awards shall be made to Eligible Class Members as set forth below.

25.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against Defendant, any of the Releasees, Class Counsel, Defendant's Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

26.     **Settlement Award Eligibility**. All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount. The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members in accordance with the terms hereof All Eligible Class Members shall be entitled to the greater of (a) Twenty-Five Dollars ($25.00) (the "Minimum Share"), or (b) a *pro*

CHAR2\2399227v2

*rata* share of the Net Settlement Fund based on the percentage of an Eligible Class Member's gross earnings in relation to the total gross earnings of the Settlement Class as a whole. In addition, all Eligible Class Members shall also be entitled to a pro rata share of any amounts not claimed by Settlement Class Members.

27.    Settlement Awards to Eligible Class Members shall be made in a single distribution within fourteen (14) days after the date on which Defendant pays the Gross Settlement Amount.

28.    All Settlement Award determinations shall be based on Defendant's payment records. If the Parties determine, based upon further review of available data, that a person previously identified as being a Settlement Class Member is not a Settlement Class Member, or an individual who was not previously identified as a Settlement Class Member is in fact a Settlement Class Member but was not so included, the Settlement Administrator shall promptly make such addition or deletion as appropriate.

29.    The Settlement Administrator shall: (a) distribute the Notice and resolve any disputes regarding the calculation for determining the Settlement Awards; (b) provide information regarding any requests for exclusion, as well as regularly report to the Parties, in written form, the substance of the work performed; (c) calculate the individual Settlement Awards to be paid to the Eligible Class Members in accordance with the terms and provisions of this Agreement; (d) pay any applicable state and/or federal taxes; (e) mail the individual Settlement Award checks to Eligible Class Members; (1) issue W-2 and 1099 forms; (g) calculate and disburse any awards of costs, attorneys' fees (e.g., any Fee Award), class representative enhancements (e.g., Service Awards), and/or applicable taxes from the Gross Settlement Amount; and (h) perform such other tasks necessary to effectuate the terms of this Agreement or as the Parties mutually agree or the Court orders the Parties to perform.

30.     The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final report of all Settlement Awards, at least ten (10) business days before the Settlement Awards to Eligible Class Members are mailed.

31.     After effectuating all payments of the Settlement Awards, the Settlement Administrator shall provide a written certification of such payments to counsel for the Parties.

32.     All Settlement Award checks shall remain valid and negotiable for ninety (90) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. In such a circumstance, the Eligible Class Member shall nevertheless be deemed to have finally and forever released the Named Plaintiffs Released Claims or Eligible Class Members' Released Claims, as applicable.

33.     **Remaining Monies**. If at the conclusion of the 90-day check void period set forth above, there are any monies remaining, those monies shall be paid/distributed pursuant to Paragraph 23 herein.

34.     **No Tax Advice**. InStore makes no representations as to the tax treatment or legal effect of the payments provided for herein, and Eligible Class Members may not rely on any statement or representation by InStore in this regard. Eligible Class Members will be solely responsible for payment of any taxes and penalties assessed on the payment described herein. Except as otherwise set forth herein, Named Plaintiffs represent and warrant that he and she understand that it is their sole obligation to pay appropriate federal, state, and local income taxes on any amounts received under this Agreement that lawfully qualify as taxable income. Neither the Parties nor their respective counsel provide or purport to provide any tax advice to the Eligible Class Members in connection with this Agreement or otherwise. The Parties agree that they shall

not rely upon any terms of this Agreement for the purpose of determining or avoiding federal, state, or local tax obligations. The Parties make no representations about the tax consequences to the portion of the individual Settlement Awards representing interest, reimbursement of expenses, and statutory penalties, and Class Members are encouraged to consult with their own tax preparers and/or accountants to determine how these payments may affect their tax liability.

CIRCULAR 230 DISCLAIMER: EACH PARTY TO THIS AGREEMENT ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX ADVISERS FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISOR TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OR ANY SUCH ATTORNEY'S OR ADVISOR'S TAX STRATEGIES (REGARDLESS OF

CHAR2\2399227v2

WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

## **MISCELLANEOUS**

35.     **No Admission of Liability**. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault or liability or wrongdoing.

36.     **Nullification of the Settlement Agreement**. In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become Final for any other reason; or (c) the Effective Date does not occur, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the Settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then any Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of the Lawsuit.

37.     **Inadmissibility of Settlement Agreement**. Except for purposes of settling this Lawsuit, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any

purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

38.   **Computation of Time**. For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Fed. R. Civ. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" shall mean calendar days unless otherwise noted.

39.   **Interim Stay of Proceedings**. The Parties agree to hold in abeyance all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the Settlement. Further, without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement.

40.   **Amendment or Modification**. This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

41.   **Entire Settlement Agreement**. This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, including the Parties executed Memorandum of Understanding executed on March 11, 2021, are expressly superseded hereby and are of no further force and effect. Each of the Parties

acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

42.    **Defendant's Right to Withdraw from Settlement**. If ten percent (10%) or more of the Class Members elect not to participate in the Settlement, InStore may, at its election, rescind the Settlement and all actions taken in furtherance of it will thereby be null and void. To effectuate such an action, Defendant's Counsel shall serve Class Counsel with written notice of Defendant's decision to rescind and void the Settlement and this Agreement in its entirety within ten (10) days after its receipt of the Settlement Administrator's report described in Paragraph 30. If the option to rescind is exercised, then InStore shall be solely responsible for all costs of the claims administration accrued to that point.

43.    **Authorization to Enter into Settlement Agreement**. The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Mark Irvings, to resolve such disagreement.

44.    **Binding on Successors and Assigns**. This Agreement shall be binding upon, and inure to the benefit of the Named Plaintiffs, Defendant, the Eligible Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties

hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

45.    **No Publicity**. The Parties and their counsel agree that they will not issue any press releases nor  initiate any contact with the press about the fact, amount or terms of the Settlement. Class Counsel may respond to press inquiries, if any, only by stating the matter has been resolved. In addition, the Parties and their counsel agree that they will not engage in any advertising or distribute any marketing materials specifying any material terms relating to the Settlement of the Action, including but not limited to any postings on any websites maintained by Class Counsel. The Settlement Administrator shall not create or maintain any website regarding this Settlement.

46.    **Counterparts**. This Agreement may be executed electronically, and in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

47.    **No Signature Required by Eligible Class Members**. Only the Named Plaintiffs will be required to execute this Settlement Agreement. The Settlement Notice will advise all Eligible Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Eligible Class Member.

48.    **Cooperation and Drafting**. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were

negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

49.     **<u>Governing Law</u>**. All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Massachusetts.

50.     **<u>Jurisdiction of the Court</u>**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

**[SIGNATURE PAGE TO FOLLOW]**

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement

Agreement as follows:

**PLAINTIFF**: _____    Date:_____, 2021
Paradise Hogan

**PLAINTIFF**: _____    Date:_____, 2021
Karen Cherelli

**APPROVED AS TO FORM**
**BY CLASS COUNSEL:**

_____    Date:_____, 2021
Brook S. Lane BBO #678742
Hillary Schwab BBO #666029
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
T: (617) 607-3251
F: (617) 488-2261

**DEFENDANT**: _____    Date:_____, 2021
Its:_____

**APPROVED AS TO FORM**
**BY DEFENDANT COUNSEL:**

_____    Date:_____, 2021
Paul J. Peralta (pro hac vice)
Sarah H. Negus (pro hac vice)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone:    (704) 331-1000
Facsimile:    (704) 331-1159